[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 330.]

THE STATE OF OHIO, APPELLEE, *v.* DEHLER, APPELLANT.

[Cite as *State v. Dehler*, 1994-Ohio-61.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when no colorable claim for reopening appeal stated—App.R. 26(B).*

(No. 94-1930—Submitted November 15, 1994—Decided December 23, 1994.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 65006 and 66020.

————————————

{¶ 1} Appellant, Lambert Dehler, was convicted of two counts of rape and two counts of gross sexual imposition. He appealed, and the court of appeals affirmed the rape convictions and reversed the gross sexual imposition convictions. *State v. Dehler* (May 26, 1994), Cuyahoga App. Nos. 65006 and 66020, unreported. Appellant then filed an application to reopen his appeal under App. R. 26 (B), alleging ineffective assistance of appellate counsel. According to the court of appeals, he alleged that his appellate counsel was ineffective by (1) failing to include a transcript of a pretrial hearing that would have shown judicial bias and that appellant did not voluntarily waive his right to a speedy trial, (2) failing to file a complete record, (3) failing to raise certain assignments of error, and (4) the cumulative effect of all errors. The court of appeals examined each issue and held that none stated a colorable claim for reopening the appeal. *State v. Dehler* (Aug. 24,1994), Cuyahoga App. Nos. 65006 and 66020, unreported. Appellant appeals from that decision.

————————————

*Lambert Dehler*, *pro se*.

————————————

*Per Curiam.*

{¶ 2} The decision of the court of appeals is affirmed for the reasons stated in its opinion.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____